UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES, ET AL., EX REL. ) | |
| MARK RADCLIFFE, ) | |
| ) | Case No. 1:05CV00089 |
| Plaintiffs, ) | |
| ) | |
| v. ) | James P. Jones |
| ) | Chief United States District Judge |
| PURDUE PHARMA L.P., ET AL., ) | |
| ) | |
| Defendants. ) | |

**Relator Radcliffe's Opposition To Purdue's Motion
To Strike The Government's Motion For Additional Time**

  Relator Radcliffe opposes Purdue's motion to strike the Government's motion for a one-week extension of the time to file a statement of interest. Purdue's motion is clearly improper because: 1) The Government's motion has already been ruled upon; 2) All of the relief sought by the Government's motion has already been granted by the Court's Order entered December 7, 2007; and, 3) The time allowed by the Order has elapsed. *See, e.g., Secureinfo Corp. v. Bukstel*, 2003 U.S. Dist. LEXIS 23688 at *15 (E.D. Pa. 2003)(motion to strike a motion that has already been granted should be denied as moot).

  This Court should deny Purdue's motion as needless, baseless and moot inasmuch as the extra time granted by the Court's Order of December 7, 2007 has already expired without a filing of the Government's statement of interest. If the Court were now to strike the Government's motion, the Court would be reversing itself in a situation where the reversal would have no effect whatsoever on the movant-Government. Therefore, the Court should deny Purdue's motion.

Additionally, irrespective of the relief sought in the motion, the motion is helpful to the Court because it clarifies the real party in interest's (the Government's) position on some key issues in this case. The motion states that the United States "takes no position on the merits of relator's allegations" but that as to "several legal issues" raised by Purdue in its motion to dismiss involving:

[1] pleading requirements under the FCA,

[2]  the applicable statute of limitations under the FCA; and

[3] relator's knowing and voluntary waiver of the claims made in his Complaint;

Purdue's "arguments are **legally baseless** and would, if accepted, have **a wide-ranging and devastating effect on the Government's ongoing efforts to protect the public against fraud**."  (Gov't's Mot. 3, 4)(emphasis added).  While Purdue attempts to contradict the Government's assertions, above, they speak clearly for themselves and should not be stricken.

The Government's motion noted that it planned  "to speak with counsel for Defendants on these issues in an effort to narrow the focus of Defendants' Motion to Dismiss if possible." (*Id*.)  Purdue' motion to strike asserts that the United States did not file a Statement of Interest because "the United States and Purdue subsequently resolved the issues that were of concern to the United States."  (Purdue's Mot. ¶ 3).   There is no evidence to support this self-serving claim which contradicts the Government's suggestion (in its motion) that the position of the United States is that the only way that the issues might be resolved is by Purdue narrowing the focus of its motion to dismiss on each of the three issues.  The only subsequent pleading that has been filed on those issues is Purdue's reply brief for its Motion to Dismiss.  In it, while Purdue abandoned its "scientific dispute" ground for its motion to dismiss, purportedly because of the

Government's objections, there is no indication that Purdue narrowed its motion on any of the three issues on which the Government expressed concern. Nor has Purdue otherwise amended its motion to dismiss.

Thus, Purdue's motion to strike begs the following questions: How were the issues resolved? Did Purdue convince the United States that Purdue's positions on each of the three issues as set forth in the motion to dismiss are, contrary to the United States' earlier assertions to the Court, not legally baseless and, if adopted, not devastating to the Government's fraud-fighting efforts? Did Purdue promise the Government to modify and narrow Purdue's positions on each of the three issues in a way that resolved the Government's concerns? If so, how exactly has Purdue fulfilled that promise? Will Purdue represent to the Court at oral argument that it is narrowing its positions on the three issues? These are unanswered questions regarding the disposition of issues that the Government has gone out of its way to highlight to the Court as crucial.

Because the Government has not repudiated its representations to the Court that Purdue's arguments in its motion to dismiss on those three issues are legally baseless and, if adopted, would be devastating to the Government's fraud-fighting efforts, relator Radcliffe requests that the Court deny Purdue's motion on this additional ground. Although the Government has apparently declined to file a brief elaborating its position on these issues, the Government has filed such *amicus curiae* briefs in other cases. Attached are two of those briefs (Exhibit 1 - Doc. 84 - *United States ex rel. Franklin v. Parke-Davis,* No. 96-11651 (D. Mass. 12/7/00)) (Exhibit 2 - Doc. 47 - *United States ex rel. Bartlett v. Tyrone Hospital, et al.,* No. 3:04-cv-0057 (Pa. WD 8/11/05)). As shown in those briefs, the Government's position on what constitutes adequate

compliance with Rule 9(b) is contrary to Purdue's position.   Relator Radcliffe believes that the sections of those briefs addressing Rule 9(b) will be useful to the Court because the Government has the responsibility for administering the False Claims Act.

## Conclusion

Based on the foregoing, relator Radcliffe requests that the Court deny Purdue's motion to strike.

        Respectfully submitted,
        /s/ Mark T. Hurt
        Mark T. Hurt
        159 West Main Street
        Abingdon, VA 24210
        (276) 623-0808
        (276) 623-0212

        Paul W. Roop, II
        Roop Law Office, LC
        P.O. Box 1145
        111 Morning Star Lane
        Beckley WV 25802-1145
        (304) 255-7667
        (304) 256-5984

        Counsel for relator

## Certificate Of Service

      I hereby certify that on the 28th day of December 2007, a copy of the foregoing was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to the following counsel who have obtained CM/ECF passwords: Ashley Baynham, Stuart F. Delery, Robert A. Mays, Howard C. McElroy, Jennifer M. O'Connor, Kimberly A. Parker, and Howard M. Shapiro, counsel for Defendant, and Sara B. Winn, counsel for the United States. The foregoing was also served on counsel lacking a CM/ECF password, indicated below, by placing the same in First Class Mail, addressed as follows:

**Commonwealth of Virginia**
Tracey D. Stith, Chief Civil Investigations Squad
Medicaid Fraud Control Unit
Office of Attorney General
900 East Main Street
Richmond, Virginia 23219

**District of Columbia**
Jane Drummey, Asst. Attorney General
U.S. Department of Justice
441 4th Street, NW, Suite 450 North
Washington, DC 20001

Dangkhoa Nguyen, Attorney
Medicaid Fraud Control Unit
717 14th Street, NW, Suite 1100
Washington, DC 20005

Brian J. McCabe, Attorney
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20004

**State of Louisiana**
James Murray, Attorney General
P.O. Box 94005
Baton Rouge, LA 70804-9005

Frederick A. Duhy, Director, MFCU
P.O. Box 34005
Baton Rouge, LA 70804-9005

**State of New Hampshire**
Jeffrey S. Cahill, Sr. Asst. Attorney General
New Hampshire Dept. Of Justice
33 Capitol Street
Concord, NH 03301

**State of Texas**
Diane S. Jacobs, Asst. Attorney General
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX 78711

**State of Hawaii**
Gary K. Senaga, Deputy Attorney General
Dept. of Attorney General
Medicaid Fraud Control Unit
333 Queen Street, 10th Floor
Honolulu, HI 96813

**State of Illinois**
Patrick Keenan,
Buruea Chief, Medical Fraud Bureau
100 W. Randolph Street
12th Floor
Chicago, IL 60601

**State of Tennessee**
Michael Bassham
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202

**State of Nevada**
L. Timothy Terry, Chief Deputy Attorney General
Medicaid Fraud Control Unit
100 North Carson Street
Carson City, NV 89701

**State of California**
Carlotta R. Hivoral
CA Attorney General Office
Bureau of Medi-Cal Fraud
1455 Frazee Road, Suite 315
San Diego, CA  92108

**State of Delaware**
Susan Bair Purcell, Deputy Attorney General
Medicaid Fraud Control Unit
Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801

**State of Florida**
Bill McCollum, Attorney General
c/o Mary S. Miller
Medicaid Fraud Control Unit
The Capitol PL-01
Tallahassee, FL 32399-1050

**State of Massachusetts**
Robert Patten, Asst. Attorney General
Office of the Attorney General
One Ashburton Place, Room 1598
Boston, MA 02108

                                                                                                                                 [s]   Mark T. Hurt
                                                                                                                                 Mark T. Hurt