# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES, ET AL., EX REL. MARK RADCLIFFE, | ) ) ) Case No. 1:05CV00089 |
| Plaintiffs, | ) ) ) **OPINION** |
| v. | ) ) By: James P. Jones |
| PURDUE PHARMA L.P., ET AL., | ) Chief United States District Judge ) |
| Defendants. | ) |

*Mark T. Hurt, Abingdon, Virginia, and Paul W. Roop, II, Beckley, West Virginia, for Mark Radcliffe; Howard M. Shapiro, Kimberly A. Parker, and Jennifer M. O'Connor, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., and Howard C. McElroy, McElroy, Hodges, & Caldwell, Abingdon, Virginia, for Purdue Pharma L.P. and Purdue Pharma, Inc.*

In this qui tam action under the False Claims Act ("FCA"), 31 U.S.C.A. §§ 3729-3733 (West 2003 & Supp. 2008), the relator, Mark Ratcliffe, alleges that his former employers, defendants Purdue Pharma, L.P. and Purdue Pharma, Inc. (collectively, "Purdue"), misrepresented to physicians the relative potency of Purdue's pain medication, OxyContin, which resulted in federal and state agencies, such as Medicaid, paying more than was necessary in reimbursement. The court previously held that the relator, in his Third Amended Complaint, had failed to adequately allege fraud as required by Federal Rule of Civil Procedure 9(b). The relator was allowed to amend in order to seek to cure this defect, and the defendants

now contend that he has again failed to meet the requirements of Rule 9(b). I agree, and will dismiss the Fourth Amended Complaint without leave to amend.[1]

As I stated in my prior opinion:

> Lack of compliance with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 n.5 (4th Cir. 1999). With respect to allegations of fraud, "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297, at 590 (2d ed. 1990)).

*Id.* at 783. Because Radcliffe did not "describe even a single instance in which a physician was influenced to prescribe OxyContin based on Purdue's misrepresentations, and where a claim for payment was made by the pharmacist to the government," I found that Rule 9(b) had not been complied with. *Id.* at 784.

In his Fourth Amended Complaint, the relator does adequately describe a instance in which a physician was influenced and a claim for payment made to the government. In paragraph twenty-five of the Fourth Amended Complaint, he alleges four such prescriptions, all written by a single physician in West Virginia in 1998. However, all of these incidents occurred more than six years prior to the filing of this action, and are thus barred by the applicable statute of limitations. *See* 31 U.S.C.A.

---

[1] The court's prior ruling, which set forth the background of the litigation and resolved other issues, is found at *Radcliffe v. Purdue Pharma L.P.*, 582 F. Supp. 2d 766 (W.D. Va. 2008).

§ 3731(b)(1); *United States ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 293 (4th Cir. 2008) (holding that where the government has not intervened, the proper period of limitations in a FCA action is six years).

Radcliffe makes two other new allegations in his Fourth Amended Complaint regarding alleged misrepresentations, one during a sales call he and a colleague made at a VA hospital and the second by a Purdue account executive "and others" to unnamed state Medicaid officials. (Fourth Am. Compl. ¶¶ 26, 27.) I agree with the defendants that these allegations, like those made in the Third Amended Complaint, do not meet the strict standards of Rule 9(b).

The relator also sues under various state false claims act (including that of the District of Columbia). However, he has not identified with particularity any misrepresentations in those states, and his pleading is thus equally inadequate as to those causes of action.

Because the relator has had an adequate opportunity to correct the deficiencies of the prior complaint, and it is clear that further efforts would be futile, the Motion to Dismiss will be granted and the action dismissed without leave to amend.

A separate final order will be entered.

DATED: January 25, 2009

/s/ JAMES P. JONES
Chief United States District Judge